BROWN *v.* HARRIS *et al.*

(*Jackson*, April Term, 1943.)

Opinion filed May 29, 1943.

LADD & CARSON, of Clinton, for appellant.

Roy H. Beeler, Attorney-General, William F. Barry, Solicitor General, and John Heiskell, Assistant Attorney-General, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a suit brought under the Declaratory Judgments Act, Code, Section 8835 et seq., by a retiring Judge of the County Court of Anderson County against the State Comptroller, Treasurer and Director of Accounts, seeking a declaration of his rights under Code, Sections 9910, 9911 and 9912, which provide for the payment of compensation to retired judges, under prescribed conditions.

The Chancellor held, as contended for the State, that only those Judges whose salaries are paid from the State Treasury are provided for by these Code Sections, and that complainant, a County Judge, whose compensation was wholly paid from County funds, is not within the statute. The bill was dismissed and complainant appealed.

Code, Section 9910 reads as follows:

"Section 9910. *Disabled judges after ten years of consecutive service may apply for retirement and be retired.*—Any judge of any court of record who shall have been judge of that court, or of that court and other courts of record for the ten consecutive years next preceding, and who may have become permanently disabled by reason of illness or injury to perform his duties and who shall have reached the age of sixty (60) years, may apply for retirement and be retired as hereinafter set out.

"Provided, however, that where a judge of a court of record has served for twenty (20) consecutive years as

judge of that court or other courts of record in this state, and who shall have reached the age of seventy (70) years, may apply for retirement and be retired in the manner as set out hereinafter. (1923, chap. 120; sec. 1; 1937, chap. 155, sec. 1; 1937, chap. 247, sec. 1)."

The claim of appellant in the instant case is made under the first paragraph of this Section above providing for cases of permanent disability.

It is conceded that appellant meets the requirements of this statute in age, length of service and disability, and that, by the terms of the special act creating his office, Chap. 113, Acts of 1907, as amended by Priv. Acts 1929, chap. 871, he is authorized to exercise various judicial powers, in addition to the financial duties commonly incident to the office of County Judge, and it is argued that he is, in legal effect, a judge of a court of record, within the contemplation of the retirement act. It, however, appears that the special act under which he served expressly provides that, "the salary of the County Judge shall be Fifteen Hundred Dollars ($1,500.00) per annum, *payable in equal monthly installments out of the general revenues of the county.*" We italicize language which bears directly on the proposition which we conceive to be determinative of the rights of the appellant.

The Section of the Code which provides for payment to retired judges is 9912. It reads as follows:

"Section 9912. *Salary upon retirement.*—Upon approving any such application, the governor shall certify this fact to the comptroller, and there shall be paid to the judge so retired for the remainder of his life, two thirds of the salary to which he would have been entitled had he continued his service, and in the manner.

"Provided, however, that where a judge so retired has served for twenty (20) consecutive years next preceding his retirement, and has reached the age of seventy (70) years, he shall be paid for and during his life the salary to which he would have been entitled had he continued in service (1923, chap. 120, sec. 3; 1937, chap. 155, sec. 2; 1937, chap. 247, sec. 2)."

It will be observed that in cases of either disability or age retirement the governor certifies his approval of the application to the comptroller, who is a State official with authority touching disbursement from the State Treasury only, and whose duty it is to issue salary vouchers to State officials and other employees only. Again, it is provided that there shall be "paid to the judge so retired . . . the salary to *which he would have been entitled had he continued his service,* and in the manner."

Here is an extension, or continuation, of salary payments through the comptroller and from the State Treasury of payments theretofore made to the judge being retired. He is merely placed on the retired list of State Judge officials, relieved of constant and fixed duties, but subject, by another statutory provision, to recall for service in filling vacancies from time to time.

Now, no judge who has not been previously in the service of the State, paid from the State Treasury, comes within the language of the law which measures the compensation to be paid after retirement by that which he had theretofore received.

The opinion of the Chancellor and the briefs of counsel discuss other phases of the case, particularly whether or not a county judge is such a judge of a court of record as comes within this descriptive term employed in the Act.

Also, attention is called to the passage by the Legislature, since this suit was brought, of an Act, Chap. 156, Pub. Acts 1943, *expressly* limiting the provisions of the judges' retirement acts to those whose compensation, while they were in service had been "payable out of the State Treasury," and it is said for the State that the passage of this Act may be looked to as a legislative declaration of the purpose and intent of the retirement acts referred to therein, if for no other purpose, and to this we agree.

However, as above indicated, we find it unnecessary to go beyond the terms and provisions of the retirement act itself considered in its context and setting and having in mind its obvious purpose. We have here an employer making provision for certain of those who have grown old, or become disabled, after long years of faithful service. No legislative purpose is indicated to go out beyond and make provision from the State Treasury upon retirement for those from whom the State had never before retirement received services and to whom the State had never before paid salaries, or other compensation.

The decree is affirmed.